IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

JEFFREY TANNER,

    Petitioner,

v.

WARDEN LINDA SANDERS,

    Respondent.

Case No. 13-3461-CV-H-BCW

## REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE

Petitioner, Jeffrey Tanner, an inmate who was confined in the United States Medical Center for Federal Prisoners at the time he filed his petition, petitions this Court for a writ of habeas corpus. The *pro se* petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Because the Petitioner is not entitled to the relief he seeks, it will be recommended that the petition be **DISMISSED**.[1]

### BACKGROUND

Petitioner Jeffrey Tanner was charged with threatening to assault and murder an employee and/or family members of an employee of the Veterans Administration in the District of Hawaii in July 2000. The trial court ordered Tanner to undergo psychological evaluation for determination whether or not he was competent to stand trial. Upon recommendation of a risk assessment panel at the United States Medical Center for Federal Prisoners (USMCFP) in

---

[1] Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court directs the Court to conduct a preliminary review of a habeas petition. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ."

Springfield, Missouri, the trial court determined that Tanner then suffered from "a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." The trial court ordered Tanner "committed to the custody of the Attorney General for further evaluation, and, if appropriate, proceedings under 18 U.S.C. § 4246." *See United States v. Tanner*, Case No. 1:02-cr-00379-SOM, Doc. 75 (D. Haw. filed June 17, 2003).

On September 18, 2003, the government filed a Petition to Determine the Present Mental Condition of an Imprisoned Person pursuant to 18 U.S.C. § 4246. *United States v. Tanner*, Case No. 6:03-cv-03341-MDH (W.D. Mo. filed September 18, 2003) ("Tanner Commitment"). A Risk Assessment Panel of mental health professionals at USMCFP found that Tanner suffered from Bipolar I disorder, most recent episode manic, with psychotic features, and Personality disorder, NOS. The panel recommended that as a result of his mental illness, Tanner's release "would create a substantial risk of bodily injury to another person or serious damage to the property of another." The panel further recommended that Tanner be committed for care and custody in a suitable facility pursuant to 18 U.S.C. § 4246 (Tanner Commitment Doc. 1). United States Magistrate Judge James C. England held a hearing in the matter on April 15, 2004. Tanner was represented by counsel. Judge England recommended that Tanner be committed pursuant to the statute. On June 4, 2004, United States District Judge Richard E. Dorr adopted the magistrate's recommendation and entered judgment committing Tanner under 18 U.S.C. § 4246 (*Id.* Doc. 32).

On September 26, 2006, the government filed a Motion for Conditional Release, reporting that a risk assessment panel at USMCFP had determined that although Tanner continued to suffer from mental illness, the illness was controlled with medication, and Tanner

would no longer present a substantial risk of bodily injury to another person or serious damage to the property of another so long as conditions were placed on his release (*Id.* Doc. 37). The panel recommended that Tanner be released to a group home in Anaheim, California. Judge England held a hearing on the government's motion on September 28, 2006, at which Tanner testified that he was aware of and agreed to abide by the conditions of release. Judge England therefore recommended Tanner's conditional release. Judge Dorr adopted Judge England's recommendation and ordered Tanner conditionally released on October 6, 2006 (*Id.* Doc. 41).

On November 9, 2006, the government filed a Motion for Revocation of Tanner's Conditional Release upon information from his probation officer that while residing at a halfway house in Los Angeles, California, Tanner was found to have written letters to Arnold Schwarzenegger, Governor of California, which contained delusional content and potential threats. Halfway house staff and the probation officer determined that Tanner had a number of delusions involving the governor. Those delusions, coupled with Tanner's history of threatening government officials, led the probation officer to believe that Tanner had become a danger to the community. The probation officer recommended that Tanner's conditional release should be revoked (*Id.* Doc. 42-1). Tanner was returned to USMCFP on November 30, 2006. Tanner was evaluated by a risk assessment panel at USMCFP and an independent psychologist, Kenneth Burstin, Ph.D. Both the panel and Doctor Burstin recommended that although Tanner continued to suffer from mental illness, his continued release on conditions that he comply with medications, reside in a group home, and be supervised by a probation officer, would not pose a substantial risk of injury to others or damage to the property of others (*Id.* Docs. 51 and 52-1). After a hearing at which Tanner was represented by counsel, Judge England determined that Tanner had violated his conditions of release and recommended that revocation of his

conditional release was required (*Id.* Doc. 55). On August 1, 2007, United States District Judge Richard Dorr adopted the recommendations of Magistrate Judge England, ordered Tanner's conditional release revoked, and committed him to the custody of the Attorney General (*Id.* Doc. 57).

On June 6, 2008, the government filed a Motion for Conditional Release on the basis of a January 9, 2008, Risk Assessment Review Panel's recommendation that Tanner was no longer in need of inpatient psychiatric treatment and his conditional release to a halfway house in Lewisport, Kentucky, would not pose a substantial risk to others or the property of others (*Id.* Doc. 59). Judge England held a hearing on the motion on June 10, 2008. Judge England recommended Tanner's conditional release. Judge Dorr adopted that recommendation and released Tanner on conditions on June 18, 2008 (*Id.* Doc. 64).

On September 30, 2010, the government again filed a Motion to Revoke Tanner's Conditional Release based upon the report of his probation officer that he had been hospitalized at Western State Hospital in Hopkinsville, Kentucky, for mental health evaluation. While hospitalized, Tanner refused to take prescribed medication, and involuntary administration was required. The probation officer reported that Tanner physically resisted and assaulted three nurses in their attempt to involuntarily medicate him. It was later discovered that Tanner had attempted to write letters to President Barack Obama, Senator Jim Bunning, Kentucky Governor Steve Beshear, and other government officials, all in violation of his conditions of release (*Id.* Doc. 66). Judge England issued a warrant for Tanner's arrest. He was returned to USMCFP. Tanner was again evaluated by a risk assessment panel and independently by Doctor Burstin. Unlike his 2006 revocation, however, both the panel and Doctor Burstin recommended that continued hospitalization and confinement in USMCFP were warranted based on his active

psychosis (*Id.* Docs. 72-1 and 75). Judge England held a hearing on September 7, 2011, at which Tanner was represented by counsel. Based on the information gathered, Judge England recommended that Tanner's conditional release be revoked (*Id.* Doc. 76). Judge Dorr adopted the recommendation, ordered revocation of Tanner's conditional release, and ordered his continued confinement pursuant to 18 U.S.C. § 4246 (*Id.* Doc. 80).

The government filed with the Court annual risk assessment reports in 2012, 2013, and 2014 (*Id.* Docs. 82, 83, and 84). In each report, the risk assessment panel opined that Tanner suffered from a major mental illness, but given his improvement with consistent medication compliance, he could safely be released from commitment on conditions that he continue to take medication, participate in outpatient treatment, and have his compliance monitored.

Tanner filed the instant petition for writ of habeas corpus on November 6, 2013 (Doc. 1). Tanner requests that his civil commitment case be stricken or overturned because his continued commitment violated his constitutional rights.[2]

## DISCUSSION

Commitment under 18 U.S.C. § 4246 is appropriate when release of a federal prisoner would pose a substantial risk of bodily injury to another person or serious damage to the property of another. The government is required to show by clear and convincing evidence that the inmate suffers from a mental disease or defect; would be dangerous if released; and suitable state placement cannot be found. *See United States v. Williams*, 299 F.3d 673, 676 (8th Cir. 2002). A district court holds the authority to revoke a grant of conditional release under 18 U.S.C. §

---

[2] On March 16, 2015, after the filing of his habeas petition, the Court released Tanner to the Harris Manor Care Center in Farmington, Missouri. Among the conditions of release posed upon Tanner were conditions that he continue to take his prescribed psychotropic medications, cooperate with residential placement, and follow instructions of his probation officer (Tanner Commitment Doc. 91).

4246(f) for a defendant's "failure to comply with the prescribed regimen of medical, psychiatric, or psychological care or treatment" to the extent that "continued release would create a substantial risk of bodily injury to another person or serious damage to the property of another." *See United States v. Franklin*, 435 F.3d 885, 890 (8th Cir. 2006).

The undersigned has thoroughly reviewed the record, and recommends that Tanner is not entitled to relief on his claims that his constitutional rights have been violated. The record establishes that Tanner was afforded the full panoply of due process rights at each stage of the commitment and release process, including examinations by an independent mental health examiner and hearings where he was represented by counsel and afforded the opportunity to testify on his own behalf. The Court infers from the record in his commitment case, that staff at the USMCFP put in significant effort over the course of twelve years to find medications that most effectively treated the symptoms of Tanner's mental illness. Furthermore, when appropriate community placements were found, the government moved for Tanner's conditional release. To date, Tanner has thrice been released from confinement at USMCFP to community reentry facilities.

The undersigned finds no merit to an argument that Tanner is entitled to unconditional release. By statute, unconditional release may occur only after a court finds by a preponderance of the evidence that a defendant has recovered from his mental disease or defect to such an extent that "his release would no longer create a substantial risk of bodily injury to another person or serious damage to property of another." 18 U.S.C. § 4246(e)(1). No mental health professional has made any such recommendation, and there is no basis in the record upon which the court could make such a finding. According to reports filed in his commitment case, Tanner has a long-standing history of mental illness; he has consistently been diagnosed with Bipolar

Disorder I, with psychotic features.  His psychosis manifests in delusional beliefs that he has personal relationships with government officials, some of whom, he contends, communicate with him telepathically.  He also exhibits paranoia, representing, among other things, that government officials are attempting to steal from him millions of dollars he stands to inherit.

Significantly, Tanner has decompensated while released to the community upon conditions.  He has a history of writing delusional and threatening letters to government officials, including the President of the United States, two state governors, and a United States Senator.  During one period of conditional release, in 2010, Tanner refused to voluntarily take prescribed medications.  His delusional behavior escalated, and he was committed to a Kentucky hospital.  The record shows that he assaulted three nurses at that facility when they attempted to forcibly medicate him.  Taking together Tanner's consistent and long-term history of Bipolar Disorder with psychotic features, his continued delusions and paranoia, his lack of insight into his mental illness, his continued inappropriate letter-writing, and the violations of his conditions of release, the undersigned recommends that Tanner's revocations of conditional release and subsequent confinement in USMCFP, were lawful, and the procedures used to procure his commitment were constitutional.

## CONCLUSION

Therefore, based on all the foregoing, **IT IS HEREBY RECOMMENDED** that Petitioner Jeffrey Tanner is not entitled to the relief requested in his petition for writ of habeas corpus.  **IT IS FURTHER RECOMMENDED** that his petition be **DISMISSED**.

**DATED:  April 10, 2015**

 /s/ *David P. Rush*
**DAVID P. RUSH**
**United States Magistrate Judge**